[990 NYS2d 818]

In the Matter of THOMAS E. FEENEY (Admitted as THOMAS EDWARD FEENEY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 13, 2014

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

By letter dated February 28, 2012, the Grievance Committee for the Ninth Judicial District advised this Court that, on or about June 6, 2011, the respondent was charged in the City Court for the City of Saratoga Springs, County of Saratoga, with assault in the third degree, a class A misdemeanor, in violation of Penal Law § 120.00 (1), and strangulation in the second degree, a class D felony, in violation of Penal Law § 121.12. On September 12, 2011, with the prosecution's consent, the respondent entered an *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]) to the reduced charge of reckless endangerment in the second degree, a class A misdemeanor (Penal Law § 120.20), in full satisfaction of the charges. The respondent was thereupon sentenced to, inter alia, a one-year conditional discharge.

By decision and order dated May 15, 2012, this Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent, and referred the issues raised to the Honorable William A. Wetzel, as Special Referee, to hear and report.

The Grievance Committee served the respondent with a verified petition dated June 11, 2012, containing two charges of professional misconduct.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b). On or about May 21, 2011, the respondent was involved in an incident at Saratoga Spa State Park, which is located within the City of Saratoga Springs, New York, during which he allegedly tackled David P. Needham, throwing Mr. Needham to the ground and causing Mr. Needham to suffer injuries to his neck and shoulder as well as a head concussion. The respondent also was alleged to have applied pressure to Mr. Needham's throat and neck that impeded Mr. Needham's breathing and caused him to be dazed and shaken and to have memory loss. Based upon the subject alleged incident, the respondent was charged, on or about June 6, 2011, in the City Court for the City of Saratoga Springs, with assault in the third degree, a class A misdemeanor, in violation of Penal Law § 120.00 (1), and strangulation in the second

degree, a class D felony, in violation of Penal Law § 121.12. On September 12, 2011, with the prosecution's consent, the respondent entered an *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]) to the reduced charge of reckless endangerment in the second degree, a class A misdemeanor, in violation of Penal Law § 120.20, in full satisfaction of the charges.

Charge two alleges that, by reason of the foregoing, the respondent engaged in conduct that adversely reflects upon his fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

Following a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent opposes the Grievance Committee's motion. Alternatively, he asks that discipline be limited to a public censure.

In view of the respondent's admissions and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, this Court has considered the Special Referee's determination that the respondent's conduct was spontaneous, "having occurred in the heat of the moment." Additionally, the conduct was unrelated to the practice of law. This Court also has considered the evidence in mitigation offered by the respondent, including character letters attesting to the respondent's outstanding reputation in the legal community and his record of pro bono activities. The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.

Eng, P.J., Rivera, Skelos, Dillon and Leventhal, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Thomas E. Feeney, admitted as Thomas Edward Feeney, is publicly censured for his professional misconduct.